# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: LERIN BROWN,** } | |
| } | |
| **Debtor/Appellant,** } | |
| } | |
| v. } | **Case No.: 1:12-CV-02202-RDP** |
| } | |
| **LINDA B. GORE,** } | |
| } | |
| **Trustee/Appellee.** } | |

## MEMORANDUM OPINION AND ORDER

This matters is before the court on the appeal filed by Debtor Lerin Brown from the Opinion and Order entered by United States Bankruptcy Court for the Northern District of Alabama on June 6, 2012 denying confirmation of his proposed Chapter 13 Plan of Confirmation. (Doc. # 1-3). The Debtor objects to the Bankruptcy Judge's conclusion that his Chapter 13 case was not filed, and his plan was not proposed, in good faith as required by §§ 1325(a)(3) and (7).

Specifically, Judge Robinson found that the Debtor filed for relief under Chapter 13–and not Chapter 7–because of his inability or unwillingness to prepay his attorney fees in one lump sum before his petition for relief was filed. (Doc. # 1-3 at 2). Judge Robinson therefore allowed the Debtor fourteen (14) days to convert his case to a case under Chapter 7 or face dismissal. (Doc. # 1-3 at 21). Because the Debtor did not convert his case, it was dismissed. Thereafter, he filed this appeal.

Over a term of three years, Brown's plan proposed to pay attorney fees, filing fees, the trustee's commission, and approximately 16% of scheduled claims of unsecured creditors. There were no priority or secured claims to be paid, and according to his schedules, all of Brown's assets are protected by his allowed exemptions. Brown's plan proposed to pay all administrative expenses,

including attorney fees, in full before any distribution to creditors.  Under the plan, before the first dollar was to be paid to creditors, payments during the first 16 months of Brown's 36-month plan were to be devoted exclusively to paying attorney fees, filing fees and trustee's commission.  At the hearing before Judge Robinson, the Debtor and his counsel candidly admitted that the only reason Brown filed for relief under Chapter 13 was to finance his attorney fees because he could not come up with the funds needed to prepay fees for a Chapter 7 case. (Docs. # 1-2 and 1-3 at 5).

A Debtor's good faith is a requirement that permeates the Bankruptcy Code and, in particular, the confirmation of a Chapter 13 plan.  Section 1325(a)(3) instructs the Court to confirm a plan if "the plan has been proposed in good faith and not by any means forbidden by law."  11 U.S.C. § 1325(a)(3).  Section 1325(a)(7) requires the Court additionally to find that "the action of the debtor in filing the petition was in good faith." 11 U.S.C. § 1325(a)(7).  Despite the Code's emphasis that it must be present, neither § 1325(a) nor any other provision of the Code defines "good faith."  The Eleventh Circuit, however, set forth a list of non-exclusive factors–the *Kitchens* factors–which should be considered in evaluating a debtor's good faith:

> (1)  the amount of the debtor's income from all sources;
> (2)  the living expenses of the debtor and his dependents;
> (3)  the amount of attorney's fees;
> (4)  the probable or expected duration of the debtor's Chapter 13 plan;
> (5)  the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13;
> (6)  the debtor's degree of effort;
> (7)  the debtor's ability to earn and the likelihood of fluctuation in his earnings;
> (8)  special circumstances such as inordinate medical expenses;
> (9)  the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors;
> (10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors; [and]
> (11) the burden which the plan's administration would place on the trustee.

*In re Kitchens*, 702 F.2d 885, 888-89 (11th Cir. 1983).  Other factors that may be considered are "the extent to which claims are modified," "the extent of preferential treatment among classes of creditors," the "substantiality of repayment to unsecured creditors," "whether [a] debt would be nondischargeable under Chapter 7," and the "accuracy of the plan's statements of debts and expenses and whether any inaccuracies are an attempt to mislead the court."  *Id.* at 889.

A district court assumes the role of an appellate court when reviewing the decision of a bankruptcy court. See 28 U.S.C. § 158(a).  A bankruptcy court's findings of fact must be upheld on appeal, unless determined to be clearly erroneous.  See Bankr. R. 8013; *In re Downtown Properties, Ltd.*, 794 F.2d. 647, 651 (11th Cir. 1986).  A bankruptcy court's findings of fact are deemed to be clearly erroneous when, even though there is evidence in the record to support the finding, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum*, 333 U.S. 364, 395 (1948). On the other hand, a bankruptcy court's conclusions of law are reviewed under a *de novo* standard of review.  *See In re Kalter*, 292 F.3d 1350, 1352 (11th Cir. 2002).

Applying the foregoing standards, and after careful consideration of the entire record in this case, this court concludes that Judge Robinson correctly applied the law, and that his findings are not clearly erroneous.  Accordingly, this court concurs with the bankruptcy's court's decision, *see Jim Walter Homes v. Saylors (In re Saylors)*, 869 F.2d 1434, 1438 (11th Cir. 1989) (bankruptcy court is in the best position to evaluate good faith and weigh *Kitchens* factors as it sits as finder of fact and can best assess debtor's credibility), and concludes that Judge Robinson's Opinion and Order is due to be affirmed based upon his well-reasoned and thorough analysis.

Accordingly, the Opinion and Order (Doc. # 1-3) is **AFFIRMED**. The costs of these proceedings are taxed to the appellant.

**DONE** and **ORDERED** this      13th       day of December, 2012.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE